IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

_____

UNITED STATES OF AMERICA,             )
                                      )
        Plaintiff,                    )
                                      )
        v.                             )   Civil Action No. 09-C-0135
                                      )
THOMAS SPRINGER                       )
WATERTOWN TIRE RECYCLERS, LLC         )
WASTE MANAGEMENT OF WISCONSIN, INC.   )
WEBER TIRES, INC.                     )
MR. P'S TIRES                         )
GCR TRUCK TIRE CENTERS                )
AUTO TECH CENTERS, INC.               )
S.T.A.R. USED TIRE DISPOSAL, INC.     )
ZIMBRICK, INC.                        )
REPUBLIC SERVICES, INC.               )
DANE COUNTY                           )
BIG BEAR TIRE, LLC                    )
GENE'S TIRES, INC.                    )
KENOSHA TIRE CORPORATION              )
TIRE CENTERS, LLC                     )
LANDMARK SERVICES COOPERATIVE         )
JANTZ'S YARD 4 AUTOMOTIVE, INC.       )
DON'S TIRE SERVICE                    )
McFARLANE MFG. CO., INC.              )
A&B USED AUTO & TRUCK PARTS           )
BAUMGART TIRE AND WHEEL, INC.         )
BERT'S TIRE SERVICE, LLC              )
F & F TIRE SERVICE, INC.              )
R.J. DANIELS FUEL, INC.               )
RACINE TIRE & AUTO SERVICE, INC.      )
MY TIRES AUTO & TRUCK SERVICE CENTER  )
TIRES PLUS LICENSEE STORE             )
RUSS DARROW GROUP, INC.               )
BERGSTROM CORPORATION,                )
                                      )
        Defendants.                   )
_____)

**CONSENT DECREE BETWEEN PLAINTIFF UNITED STATES OF AMERICA AND
DEFENDANT TIRES PLUS LICENSEE STORE**

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | BACKGROUND | 1 |
| II. | JURISDICTION | 1 |
| III. | PARTIES BOUND | 1 |
| IV. | DEFINITIONS | 2 |
| V. | PAYMENT OF RESPONSE COSTS | 3 |
| VI. | FAILURE TO COMPLY WITH CONSENT DECREE | 4 |
| VII. | CERTIFICATIONS BY THE SETTLING DEFENDANT | 5 |
| VIII. | COVENANT NOT TO SUE BY PLAINTIFF | 5 |
| IX. | RESERVATIONS OF RIGHTS BY UNITED STATES | 6 |
| X. | COVENANT NOT TO SUE BY SETTLING DEFENDANT | 7 |
| XI. | EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION | 8 |
| XII. | RETENTION OF RECORDS | 9 |
| XIII. | NOTICES AND SUBMISSIONS | 9 |
| XIV. | RETENTION OF JURISDICTION | 10 |
| XV. | INTEGRATION/APPENDICES | 10 |
| XVI. | LODGING AND OPPORTUNITY FOR PUBLIC COMMENT | 11 |
| XVII. | SIGNATORIES/SERVICE | 11 |
| XVIII. | FINAL JUDGMENT | 11 |

# I. BACKGROUND

A. The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Watertown Tire Fire Superfund in Watertown, Dodge County, Wisconsin ("the Site").

B. The defendant that has entered into this Consent Decree ("Settling Defendant") does not admit any liability to Plaintiff arising out of the transactions or occurrences alleged in the complaint. Following the July 19, 2005 fire at the Site, the EPA expanded a containment basin and constructed a treatment system for tire fire suppression run-off water. EPA treated a total of 1,069,931 gallons of water from the containment basin.

C. The United States and Settling Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

# II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendant. Solely for the purposes of this Consent Decree and the underlying complaint, Settling Defendant waives all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Settling Defendant shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

# III. PARTIES BOUND

2. This Consent Decree is binding upon the United States, and upon Settling Defendant and its heirs, successors and assigns. Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Settling Defendant under this Consent Decree.

1

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq*.

b. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

c. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

d. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

e. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

f. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

g. "Financial Information" shall mean those financial documents identified in Appendix A.

h. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

I. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

j. "Parties" shall mean the United States and Settling Defendant.

k. "Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site

2

through the date of entry of this Consent Decree, plus accrued Interest on all such costs through such date.

   l. "Plaintiff" shall mean the United States.

   m. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

   n. "Settling Defendant" shall mean Tires Plus Licensee Store.

   o. "Site" shall mean the Watertown Tire Fire Superfund Site, encompassing approximately 12.3 acres, located at 7910 Provimi Road in Watertown, Dodge County, Wisconsin, and generally shown on the map included in Appendix B.

   p. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

### V.  PAYMENT OF RESPONSE COSTS

  4. The Settling Defendant shall pay to the United States the sum of $3,500, plus Interest, as reimbursement for Past Response Costs, as follows: (i) within 30 days of entry of this Consent Decree, Settling Defendant shall pay the amount of $1,166 to the United States, plus an additional sum for Interest on that amount calculated from 30 days after the date of entry of this Consent Decree by the Court through the date of payment; (ii) Settling Defendant shall pay an additional $2,334 over a two-year period, in annual installments of $1,167 each, beginning on the first anniversary of its initial payment, plus an additional sum for Interest on that amount calculated from the date of entry of this Consent Decree through the date of payment.

  5. Payments shall be made by certified check or checks or cashier's check or checks made payable to "U.S. Department of Justice," referencing the name and address of the parties making payment, the EPA Region and Site Spill ID Number B5 CG, DOJ Case Number 90-11-3-09429, and the civil action number. Settling Defendant shall send the checks to:

    Financial Litigation Unit
    U.S. Attorney's Office
    for the Eastern District of Wisconsin
    530 Federal Building
    517 East Wisconsin Avenue
    Milwaukee, WI 53202-4580

  6. At the time of payments, Settling Defendant shall also send notice that payment has been made to EPA and DOJ in accordance with Section XIII (Notices and Submissions). Such notice shall reference the EPA Region and Site/Spill Identification Number B5 CG, DOJ case

number 90-11-3-09429, and the civil action number.

7. Payments made pursuant to Paragraph 4 shall be deposited in the EPA Hazardous Substance Superfund.

## VI. **FAILURE TO COMPLY WITH CONSENT DECREE**

8. <u>Interest on Late Payments</u>. If any Settling Defendant fails to make any payment under Paragraph 4 by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

9. <u>Stipulated Penalty</u>.

    a. If any amounts due under Paragraph 4 are not paid by the required date, Settling Defendant shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 8, $500 per violation per day that such payment is late.

    b. Stipulated penalties are due and payable within 30 days of the date of the demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the check, shall reference the name and address of the parties making payment, the Site name, the EPA Region and Site Spill ID Number B5 CG, DOJ Case Number 90-11-3-09429, and the civil action number. Settling Defendant shall send the check (and any accompanying letter) to:

        Financial Litigation Unit
        U.S. Attorney's Office
        for the Eastern District of Wisconsin
        530 Federal Building
        517 East Wisconsin Avenue
        Milwaukee, WI 53202-4580

    c. At the time of each payment, Settling Defendant shall also send notice that payment has been made to EPA and DOJ in accordance with Section XIII (Notices and Submissions). Such notice shall reference the EPA Region and Site/Spill ID Number B5 CG, DOJ Case Number 90-11-3-09429, and the civil action number.

    d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

10. If the United States brings an action to enforce this Consent Decree, Settling Defendant shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

11. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the requirements of this Consent Decree.

12. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section V or from performance of any other requirements of this Consent Decree.

## VII. CERTIFICATIONS BY THE SETTLING DEFENDANT

13. The Settling Defendant hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has:

   a. not altered, mutilated, discarded, destroyed, or otherwise disposed of any records, reports, or other information relating to its potential liability regarding the Site since notification of potential liability by the United States or the filing of suit against it regarding the Site, and that it has fully complied with any and all EPA requests for information regarding the Site pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927; and

   b. submitted to the United States Financial Information that fairly, accurately, and materially sets forth the financial history and circumstances of the Settling Defendant, and that those circumstances have not materially changed between the time the Financial Information was submitted to the United States and the time the Settling Defendant executes this Consent Decree.

## VIII. COVENANT NOT TO SUE BY PLAINTIFF

14. Except as specifically provided in Section IX (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs. This covenant not to sue shall take effect upon receipt by EPA of all payments required by Section V, Paragraph 4 (Payment of Response Costs) and any amount due under Section VI (Failure to Comply with Consent Decree). This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree. This covenant not to sue extends only to Settling Defendant and does not extend to any other person. This covenant not to sue is conditioned upon the veracity and completeness of the Financial Information provided

to the United States by the Settling Defendant.

## IX. RESERVATIONS OF RIGHTS BY UNITED STATES

15. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiff in Paragraph 14. Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Setting Defendant with respect to:

    a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

    b. liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

    c. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

    d. criminal liability; and

    e. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

16. Notwithstanding any other provision of this Consent Decree, the United States reserves, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, if, within 10 years of the entry of this Consent Decree, the United States determines that the Financial Information provided by Settling Defendant is, in any material respect, false, incomplete, or inaccurate as of the date of execution of this Consent Decree. Any misrepresentation, misstatement, or material omission by the Settling Defendant in the certifications made in Paragraph 13, upon written notice by the United States to the Settling Defendant, renders the covenant not to sue and the contribution protection provided by this Consent Decree null and void, and the Settling Defendant shall forfeit all payments made pursuant to this Consent Decree. Such forfeiture shall not constitute liquidated damages and shall not in any way foreclose the United States' right to pursue any other causes of action arising from the Settling Defendant's false, incomplete, or inaccurate information. Following the voiding of any covenant not to sue pursuant to this Paragraph, in any action brought by the United States against the Settling Defendant, the Settling Defendant shall not raise any defenses based in whole or in part on the time elapsed between the entry of this Consent Decree and the commencement of such action by the United States, including but not limited to defenses based upon any statute of limitations, laches, waiver, estoppel, or lack of jurisdiction.

# X. COVENANT NOT TO SUE BY SETTLING DEFENDANT

17. Settling Defendant covenants not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs or this Consent Decree, including but not limited to:

    a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

    b. any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of Wisconsin, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

    c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Past Response Costs.

18. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

19. Settling Defendant agrees not to assert any claims and to waive all claims or causes of action that it may have for all matters relating to the Site, including for contribution, against any person where the person's liability to Settling Defendant with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials.

20. The waiver in Paragraph 19 shall not apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person meeting the above criteria if such person asserts a claim or cause of action relating to the Site against Settling Defendant. This waiver also shall not apply to any claim or cause of action against any person meeting the above criteria if EPA determines:

    a. that such person has failed to comply with any EPA requests for information or administrative subpoenas issued pursuant to Section 104(e) or 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) or 9622(e), or Section 3007 of the Solid Waste Disposal Act (also known as the Resource Conservation and Recovery Act or "RCRA"), 42 U.S.C. § 6927, or has impeded or is impeding, through action or inaction, the performance of a response action or natural resource restoration with respect to the Site, or has been convicted of a criminal violation for the conduct to which this

waiver would apply and that conviction has not been vitiated on appeal or otherwise; or

      b. that the materials containing hazardous substances contributed to the Site by such person have contributed significantly, or could contribute significantly, either individually or in the aggregate, to the cost of response action or natural resource restoration at the Site.

## XI. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

21. Except as provided in Paragraph 19 (Non-Exempt De Micromis Waiver), nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Paragraph 19 (Non-Exempt De Micromis Waiver), the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action that they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

22. The Parties agree, and by entering this Consent Decree this Court finds, that Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs.

23. Settling Defendant agrees that, with respect to any suit or claim for contribution brought by it for matters related to this Consent Decree, it will notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Settling Defendant also agrees that, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, it will notify EPA and DOJ in writing within 10 days of service of the complaint or claim upon it. In addition, Settling Defendant shall notify EPA and DOJ within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

24. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VIII.

## XII. RETENTION OF RECORDS

25. Until 10 years after the entry of this Consent Decree, Settling Defendant shall preserve and retain all records, reports, or information (hereinafter referred to as "records") now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

26. After the conclusion of the 10-year document retention period in the preceding paragraph, Settling Defendant shall notify EPA and DOJ at least 90 days prior to the destruction of any such records, and, upon request by EPA or DOJ, Settling Defendant shall deliver any such records to EPA. Settling Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege, they shall provide Plaintiff with the following: 1) the title of the record; 2) the date of the record; 3) the name, title, affiliation (*e.g.*, company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. If a claim of privilege applies only to a portion of a record, the record shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendant shall retain all records that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor. However, no records created or generated pursuant to the requirements of this or any other settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged.

27. Settling Defendant hereby certifies individually that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6927.

## XIII. NOTICES AND SUBMISSIONS

28. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, and Settling Defendant, respectively.

As to the United States:

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-3-09429)
P.O. Box 7611
Washington, D.C. 20044-7611

As to EPA:

Steven P. Kaiser
Associate Regional Counsel
U.S. EPA - Region V
77 West Jackson Blvd.
Chicago, IL 60604-3507

As to Settling Defendant:

Viraj Patel
1150 Waukegan Road
Waukegan, IL 60085-6731

## XIV. RETENTION OF JURISDICTION

29. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XV. INTEGRATION/APPENDICES

30. This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree: "Appendix A" is a list of financial documents submitted to the United States by Settling Defendant, and "Appendix B" is the map of the Site.

10

## XVI. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

31. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

32. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVII. SIGNATORIES/SERVICE

33. The undersigned representative of the Settling Defendant and the Deputy Chief, Environmental Enforcement Section of the United States Department of Justice, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

34. Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

35. Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on its behalf with respect to all matters arising under or relating to this Consent Decree. Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVIII. FINAL JUDGMENT

36. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Settling Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 20 DAY OF November, 2009.

/s_____
LYNN ADELMAN, United States District Judge

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of <u>U.S. v. Waste Management of Wisconsin, Inc., et al.</u>, relating to the Watertown Tire Fire Superfund Site.

                                            FOR THE UNITED STATES OF AMERICA

Date: 9/24/09                                    /s_____
                                            W. BENJAMIN FISHEROW
                                            Deputy Chief
                                            Environmental Enforcement Section
                                            Environment and Natural Resources Division
                                            U.S. Department of Justice
                                            Ben Franklin Station, PO Box 7611
                                            Washington, DC  20044


                                            /s_____
                                            ROBERT W. DARNELL
                                            Trial Attorney
                                            Environmental Enforcement Section
                                            Environment and Natural Resources Division
                                            U.S. Department of Justice
                                            Ben Franklin Station, PO Box 7611
                                            Washington, DC  20044
                                            Tel: (202) 514-4162
                                            Fax: (202) 616-6584
                                            robert.darnell@usdoj.gov

                                            MICHELLE L. JACOBS
                                            Acting United States Attorney


                                            MATTHEW RICHMOND
                                            Assistant United States Attorney
                                            Office of the United States Attorney
                                            Eastern District of Wisconsin
                                            517 E. Wisconsin Ave., Suite 530
                                            Milwaukee, WI 53202-4580
                                            Tel: (414) 297-1700
                                            Fax: (414) 297-4394
                                            matthew.richmond@usdoj.gov

/s_____
RICHARD C. KARL
Director, Superfund Division
U.S. EPA, Region V
77 West Jackson Blvd.
Chicago, IL 60604-3507

/s_____
STEVEN P. KAISER
Associate Regional Counsel
U.S. EPA - Region V
77 West Jackson Blvd.
Chicago, IL 60604-3507

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>U.S. v. Waste Management of Wisconsin, Inc., et al.</u>, relating to the Watertown Tire Fire Superfund Site.

FOR DEFENDANT TIRES PLUS LICENSEE STORE

Date: <u>9/1/09</u>    /s_____

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: _____

Title: _____

Address: _____